ABNER LEITCH, Appellant, *v.* E. BEATY, Adm'r, etc., Appellee.

### APPEAL FROM EDGAR.

Where an award directed that a sum of money and certain costs should be paid, in default of which, certain chattels should be sold and the proceeds applied in satisfaction of the award, the owner of the chattels cannot recover the value of them, if he has failed to obey the award.

THIS was an action of covenant, brought by appellee against appellant in the Edgar Circuit Court. The declaration consists

of two counts, both of which are based upon a certain writing obligatory.

General issue joined, and trial before the court, HARLAN, Judge, presiding, and a jury. Verdict against appellant for $110.60, whereupon appellant moved the court below for a new trial, which motion was overruled, and judgment rendered against appellant for $110.60, and costs.

The bill of exceptions shows, that the writing obligatory sued upon, is a submission whereby appellant and appellee's intestate (William Beaty) agree to submit to the arbitration of Samuel Connelly, George W. Rives, and James Sutherland, certain matters in dispute between them respecting the owner-ship or the right of possession of two horses, one two-horse hack, and a pair of harness, and respecting the settlement of a certain action of replevin theretofore brought in the said Edgar Circuit Court by the said appellant against appellee's intestate, by virtue of which action of replevin said appellant obtained the possession of a certain two-horse hack, said parties agreeing to abide by the award of said arbitration.

The award of said arbitrators provides, that the said William Beaty (intestate) pay to said Leitch the sum of $68.04, and costs of arbitration, together with the costs that have accrued in the replevied suit against said Beaty, in the Edgar Circuit Court, said payment to be made in five days from the date of the said award ; and that when such payment shall be made, the said Leitch shall deliver over to the said Beaty the two-horse hack and harness, together with the two horses in controversy. The award further provides, that in the event the said Beaty shall fail to pay as aforesaid within the time specified, the said Leitch shall proceed to sell, upon ten days' notice, at public sale, the said property above specified, or so much thereof as shall be sufficient to pay the sum awarded to Leitch, together with costs and additional expenses in keeping said property, as well as costs of said sale.

McCLERNAND & BRADWELL, and S. P. READ, for Appellant.

C. H. CONSTABLE, for Appellee.

CATON, C. J. This was an action upon an arbitration bond, for non-compliance, by the defendant, with the award of the arbitrators.

The award directed the plaintiff to pay to the defendant $68.04, and the costs of a certain action of replevin then pending, and the costs of arbitration, upon which payment being made, the defendant should deliver to the plaintiff two

certain horses, a hack, and harness; and in default of said payment by the plaintiff, the defendant should sell the property at auction, by giving ten days' notice, for sufficient to pay the amount of the award, together with the expense of keeping the property, and the sale. The plaintiff made a tender to the defendant of the $68.04, but refused to pay to the defendant the costs, which, by the award, he was ordered to pay to him. The defendant refused to accept the tender, but advertised and sold the horses for a sum less by two dollars than the amount specifically awarded and the costs, which two dollars the plaintiff paid to the defendant, and took hack and harness, which had not been sold. The complaint in this action is, that the defendant wrongfully sold the horses for less than their value, and refused to deliver them to the defendant, as directed by the award.

The right of the plaintiff to recover, depends entirely upon the question whether he made a sufficient tender to the defendant to comply with the award, on his part. The language of the award is so specific as to leave no possible doubt as to its meaning. It is this: "That said Beaty pay to said Leitch the sum of sixty-eight dollars and four cents, and the costs of arbitration, together with the costs that have accrued in the replevin suit." Again it says: "In the event the said Beaty shall fail to pay said debt and costs within the time first specified," then said Leitch shall proceed to sell, etc. Here there is nothing left to doubt, or uncertainty. Beaty was ordered to pay these costs to Leitch, and not to the persons eventually entitled to them. We will not say that it might not have been a substantial compliance with the award had Beaty paid the costs within the five days, to the persons entitled to them. But this he did not do. He merely said, at the time of the tender, that he would pay them, which, in fact, he never did do, but those costs were eventually paid by Leitch. Thus we see that the defendant pursued strictly and literally the award of the arbitrators, and that the plaintiff was himself clearly in default. He had no pretense to recover in this action.

But the court refused to give this instruction asked by the defendant: "If the jury believes that defendant, Beaty, failed to pay the debt and costs referred to in the arbitration bond within five days from its date, and did not tender payment of the same to Leitch, or other persons entitled to receive the same, then plaintiff cannot recover." In refusing to give this instruction, the court undoubtedly erred, and it satisfactorily explains how a verdict was found for the plaintiff.

The judgment is reversed and the cause remanded.

*Judgment reversed.*